ELMER E. JAMESON *vs.* LILLIAN CUNNINGHAM.

Knox.        Opinion, January 23, 1936.

*Elisha W. Pike*, for plaintiff.
*Frank S. Ingraham*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.   The cause in suit was begun by an action in assumpsit, at common law, plaintiff claiming to be the owner of the lower section of a sewer serving several households in the town of Warren.

In his declaration he demands $33.67 for use of the sewer by defendant, owner of one of the dwellings served, for eight years and five months "to March 25, 1934" at four dollars a year. After the plaintiff's testimony was concluded, defendant moved for nonsuit. The motion was granted and plaintiff perfected exceptions.

Since the first enactment of statutes in this state the existence and necessity for upkeep of sewers serving residences have been recognized and in increasing degree provided for, R. S. 1821, Chap. 121 ; and from that date continuously to the present, distinctions have been observed in classifying sewers, first called drains or shores, as privately owned and maintained, or as common sewers.

As their number increased, sewers and systems of sewers were recognized as public property and legislation exists for construction and maintenance of public sewers.

As distinguished from the latter, that with which we are concerned is a private sewer.

It was constructed by plaintiff at his sole expense in the year 1893 ; and so far as the record before us shows, without application to the local municipal authorities for any permit to extend it under the Warren-Thomaston road, a public highway which it crosses, to a vent in a mill pond below.

Subject to necessary control by the public, if it should become a menace, it was then a simple, private project, appurtenant to the building and lot which it served.

Ten years later a neighbor, one Mr. Perry, living about two hundred feet easterly of plaintiff's building, secured permission of the latter to connect his cellar drain with plaintiff's sewer; built a sewer from his property and made connection with plaintiff's sewer within the limits of the said highway.

The sewer laid by Perry was extended at intervals so that seven different dwellings were discharging sewage through it into that constructed by the plaintiff in 1905, before the defendant made connection therewith.

It was then a private, common sewer, *Bangor* v. *Lansil,* 51 Me., 521, and statutes enacted by different legislatures were in force, prescribing the rights and obligations of a person desirous of making connection with such a sewer.

The statute then applicable to contribution by one entering a common sewer, R. S. 1916, Chap. 22, Sec. 23, reads: "When a person at his own expense, lays a common drain or sewer, all who join or enter it shall pay him their proportion of such expense; and the expense of opening and repairing shall be paid by all benefited, to be determined in each case by the municipal officers, subject to appeal to the county commissioners."

The Statutes of 1930 carry this law in the same words, in Sec. 23, Chap. 25, while other sections of the same chapter prescribe rules of procedure.

From plaintiff's testimony we learn that about ten years ago, defendant, with her husband, called upon plaintiff and asked permission to "come and use" his sewer across the road. To the Court he stated that the request was "for the right to connect"; that he agreed to their proposal, the consideration to be payment of twenty-five dollars, and that sewer pipe was laid from defendant's house to and connected with the sewer built by Mr. Perry.

This sewer pipe has been maintained and used by defendant to the present time, its contents carried by the Perry sewer to the outlet of the 100 feet sewer constructed by plaintiff, the lower sixty feet of which are apparently claimed to be the property of the latter, but which became a common sewer when plaintiff allowed the connection of the Perry sewer with it.

Since we have had any state laws, provision has been made by statute to protect the owner of a private drain or sewer, and providing how and to what extent he may be reimbursed for expense of construction and repair as and when he permits another to connect with his sewer.

The statutes cover the field and, in conformity with the settled rule that when a statute provides entire regulation for relief it supersedes the common law, and furnishes the exclusive method of procedure, we conclude that the ruling of the court below was correct.

*Exceptions overruled.*